THE STATE v. KREIGER ET AL.

1. **Criminal Evidence:** TWO ON TRIAL: DECLARATIONS OF·ONE. Where K. and B. were together on trial for larceny, the declarations of K., made in a conversation with the witness, implicating both himself and B. in the crime, were admissible as against himself, but not as against B., and the court should have excluded so much of the evidence as related to B., or, if that could not have been done without excluding the evidence entirely, the jury should have been told at the time, and· also in the written charge, not to consider the evidence as against B.

*Appeal from Iowa District Court.*

FRIDAY, MARCH 4.

INDICTMENT charging the defendants, Levi Kreiger and Andrew A. Beal, with the larceny of "one Defiance corn plow," and other property. Trial by jury. Judgment for the plaintiff, and the defendant Beal appeals.

*J. T. Beem,* for appellant.

*A. J. Baker, Attorney-general,* for the State.

SEEVERS, J.—This cause has been submitted on a transcript, without argument. We have examined the whole record, and find, among the grounds upon which a new trial was asked by appellant, the following: "The court erred in admitting, as against the defendant, that part of witness Wilson's testimony of his conversation with defendant Kreiger which related to this defendant." It appears from the record that the witness was asked to state a conversation he had had with Kreiger in relation to the property charged to have been stolen, whereupon counsel for the appellant objected to any declaration or statement Kreiger may have made in relation to the appellant's connection with the larceny. The objection was overruled, and thereupon the witness stated what Kreiger stated to him, and such evidence tended strongly to show that the appellant stole or aided in stealing the property described in the indictment. Of course, the

statements of Kreiger were competent evidence against himself, but not against the appellant; and the court should either have excluded so much of the evidence as related to the appellant, or, if this could not have been done without excluding the evidence entirely, then the court should at the time have said to the jury that they were not to consider the statements of Kreiger in relation to the appellant, and also have so said to them in the written charge. This the court failed to do. We think it quite clear that the court erred in admitting the evidence above referred to, for the reason, as we understand the record, that the witness could have stated what Kreiger said, so far as the same related to himself, without any reference to what he said in relation to the appellant. It will not even be claimed that the appellant was bound, or should be in any respect prejudiced, by the statements made by Kreiger. Such evidence is purely hearsay, and its admission cannot be justified.

Upon the ground above stated, the court should have granted a new trial.

REVERSED.